UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAMIRA MELAMED,

    Plaintiff(s),

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC,

    Defendant(s).

Case No. 2:25-cv-00720-JCM-NJK

**Order**

[Docket Nos. 13, 15]

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 15; *see also* Docket No. 13-14 (earlier version of stipulation and errata).

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). Given the importance of scheduling orders and the well-established expectation that

---

[1] Such a request is also governed by Local Rule 26-3.

they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).[2]

The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams*, 627 F. Supp. 3d at 1177 (citing *Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) and *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[3]

The reasons advanced for the extension requested in this case are largely baseless. The fact that Plaintiff violated the Court's order to serve initial disclosures two months ago is certainly

---

[2] The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, such as those related to briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule). Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

[3] A showing of diligence is required regardless of whether the request to modify case management deadlines is presented by stipulation:

> When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties. . . . That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines.

*Williams*, 627 F. Supp. 3d at 1178 (internal citations omitted); *accord Lux v. Buchanan*, No. 2:23-cv-00839-MMD-NJK, Docket No. 49 (D. Nev. Nov. 1, 2023) (Du, C.J.) (affirming denial of stipulation to extend case management deadlines based on lack of diligence).

not good cause to modify case management deadlines.[4]  The fact that the parties discussed settlement fails as a matter of law to justify a post-hoc request to modify case management deadlines.  *Williams*, 627 F. Supp. 3d at 1181 (collecting cases).  On the other hand, the stipulation represents that efforts have been made to obtain documents from non-parties, who have been "slow to respond."  Docket No. 15 at 2.  Although no details are provided as to those efforts, *but see* Local Rule 26-3(a) (requiring specification of discovery conducted),[5] they may nudge this request over the line in that at least some extension to the case management deadlines is warranted (though, not 90 days).  In an effort for the case to be decided on its merits and as a one-time courtesy to the parties, the Court will allow a 45-day extension to the unexpired case management deadlines.

Accordingly, the stipulation to extend (Docket No. 15) is **GRANTED** in part and **DENIED** in part, while the earlier iteration of the stipulation (Docket No. 13) is **DENIED** as moot.  Deadlines are **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Initial experts:  October 9, 2025
- Rebuttal experts:  November 10, 2025
- Discovery cutoff:  December 8, 2025
- Dispositive motions:  January 7, 2026
- Joint proposed pretrial order:  February 6, 2026

**The Court is not inclined to extend these deadlines further**, so counsel must take all reasonable steps to meet these deadlines as now set.

IT IS SO ORDERED.

Dated: August 27, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[4] That violation is being addressed in an order to show cause issued concurrently herewith.

[5] Moreover, it is also not entirely clear that these are non-parties in the traditional sense, as Defendant appears to be seeking documents from its own affiliates.

3